Case No. 23-3630

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| PARENTS DEFENDING EDUCATION<br><br>　　Plaintiff-Appellant<br><br>v.<br><br>OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, *ET AL*.<br><br>　　Defendants-Appellees | Civil Appeal from<br>United States District Court<br>for the Southern District of Ohio<br>Case No. 2:23-cv-01595 |

MOTION OF EQUALITY OHIO FOR
LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

ATTORNEYS FOR *AMICUS CURIAE* EQUALITY OHIO:

　　Mark P. Herron  (Lead Counsel)
　　Herron Law Offices
　　5001 Mayfield Road, Suite 318
　　Lyndhurst, Ohio 44124
　　Phone: 216-280-2828
　　E-mail: HerronLaw @msn.com

| | |
|---|---|
| Robert S. Chaloupka<br>Law Office of Robert S. Chaloupka<br>579 East Clearview Avenue<br>Seven Hills, Ohio 44131<br>Phone: 216-570-3154<br>E-mail: Rob@ChaloupkaLaw.com | Paul Giorgianni<br>Giorgianni Law LLC<br>1538 Arlington Avenue<br>Columbus, Ohio 43212-2710<br>Phone: 614-205-5550<br>E-mail: Paul@GiorgianniLaw.com |

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: _____      Case Name: _____

Name of counsel: _____

Pursuant to 6th Cir. R. 26.1, _____
*Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

---

CERTIFICATE OF SERVICE

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/_____
_____

---

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

MOTION

Equality Ohio requests leave to file the *amicus curiae* brief that Equality Ohio is filing with the clerk of court simultaneously with filing this motion.

MEMORANDUM IN SUPPORT

Equality Ohio is an Ohio non-profit corporation founded in 2005. Equality Ohio is a member of the Equality Federation. Equality Ohio's core values include

- belief in the intrinsic worth and dignity of all people;
- trust that LGBTQ+ people know what they need;
- individual self-determination, free of societal barriers erected by bias, ignorance, fear, and oppression; and
- promoting equity and equality in our institutions.

Equality Ohio's interests in this case are

- seeing that transgender students are treated with dignity and respect in Ohio's primary and secondary schools, and
- seeing that the policies of the Defendant-Appellee school district are upheld with regard to the legal theories by which Appellant challenges the policies and singles out transgender students for harassment.

Equality Ohio's proffered brief, which supports affirmance and supports Defendants-Appellants, is desirable because the brief provides (1) a perspective on PDE's "compelled speech" theory that differs from that of the appellee school district; and (2) the perspective of the transgender student. The perspective of the

transgender student is important because PDE's parents and students seek in this case a constitutional right to psychologically wound each primary- and secondary-school transgender student, at every encounter, during school hours and on school grounds, by refusing to refrain from using pronouns contrary to gender identity.

The proffered brief presents two relevant matters:

*A perspective on PDE's "compelled speech" theory that differs from that of the appellee school district.*  Equality Ohio argues, in the alternative, that (1) the school district's policies do not compel speech at all; (2) the school district's policies compel speech only incidentally and not contrary to the Free Speech Clause; and (3) even if the policies compel non-incidental speech, the policies do not violate the Free Speech Clause insofar as they regulate speech in the context of school activities, because the policies enforce the "legitimate pedagogical concerns" of civility and grammar in school activities.

*The transgender person's perspective on the protection provided by the challenged school-district policies.*  Equality Ohio argues that the Free Speech Clause does not bar public primary and secondary schools from regulating intentional misgendering that rises to the level of harassment, threat, humiliation, embarrassment or intimidation.

Respectfully submitted,

/s/ Mark P. Herron  (Lead Counsel)
Herron Law Offices
5001 Mayfield Road, Suite 318
Lyndhurst, Ohio 44124
Phone: 216-280-2828
E-mail: HerronLaw @msn.com

/s/ Robert S. Chaloupka
Law Office of Robert S. Chaloupka
579 East Clearview Avenue
Seven Hills, Ohio 44131
Phone: 216-570-3154
E-mail: Rob@ChaloupkaLaw.com

/s/ Paul Giorgianni
Giorgianni Law LLC
1538 Arlington Avenue
Columbus, Ohio 43212-2710
Phone: 614-205-5550
E-mail: Paul@GiorgianniLaw.com

*Attorneys for* Amicus Curiae *Equality Ohio*

CERTIFICATE OF SERVICE

This document was served on all counsel of record via filing in the Court's CM/ECF system on October 31, 2023.

/s/ Paul Giorgianni
*Attorney for Equality Ohio.*
October 31, 2023