Case No. 23-3630

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PARENTS DEFENDING EDUCATION

*Plaintiff-Appellant,*

v.

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al.,

*Defendants-Appellees*

On Appeal from the United States District Court for the
Southern District of Ohio
Eastern Division

## MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

David J. Carey
AMERICAN CIVIL LIBERTIES UNION OF
  OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, OH 43206
Tel: (614) 586-1972
dcarey@acluohio.org

Vera Eidelman
Ben Wizner
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street
New York, NY 10004
Tel.: (212) 549-2500
veidelman@aclu.org
bwizner@aclu.org

Freda J. Levenson
Amy Gilbert
AMERICAN CIVIL LIBERTIES UNION OF
  OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
(614) 586-1972
flevenson@acluohio.org
agilbert@acluohio.org

*Counsel for Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a)(8) and 6 Cir. R. 29, amici curiae the American Civil Liberties Union and the American Civil Liberties Union of Ohio Foundation (jointly, "Amici") respectfully request that this Court grant Amici leave to participate in oral argument. In support of this motion, Amici state as follows:

1.    On October 2, 2023, Amici tendered a brief in partial support of Plaintiff-Appellant Parents Defending Education, together with a motion for leave to file. The brief addressed the constitutionality of two of the four school policies at issue in this case under the standards set by *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) and *Mahanoy Area Sch. Dist. v. B.L. by and through Levy*, 141 S.Ct. 2038 (2021), and clarified that the court below was wrong to focus its analysis on whether a school may constitutionally prohibit students from intentionally misgendering classmates in a way that creates a hostile environment.

2.    Amici's brief explains that these two school policies are facially unconstitutional. Appellees' Code of Conduct prohibits a broadly-defined category of "discriminatory" language, and Appellees' Policy 5136 prohibits a similarly broad category of disruptive, embarrassing, humiliating, or disparaging speech, both within and outside of the school campus. Both are facially invalid under *Tinker* and *Mahanoy*. The district court's denial of injunctive relief on those challenges was in error.

3.      As Amici also argued, however, this appeal does not warrant the categorical rulings that either Appellant or Appellees seek. To the extent that Appellant seeks a ruling from this Court that not only facially invalidates the School District's unconstitutional policies, but also carves out a general license for students to misgender their classmates, such a ruling is not warranted under *Tinker*. Nor is a ruling upholding the policies that prohibit at issue the entire category of derogatory speech, as Appellees argued and the district court concluded.

4.      Amici submit that this appeal can, and should, be resolved on much simpler grounds. These two policies are facially invalid for their failure to comport with the standards established in *Tinker* and *Mahanoy*. Both prohibit far more than speech that creates a hostile environment or substantial disruption, and Policy 5136 additionally reaches protected speech outside of the school environment. But the School District is not powerless to enact appropriately tailored policies against disruptive bullying or harassment—including when that bullying or harassment takes the form of intentional misgendering.

5.      Amici's brief highlighted the implications of this Court's ruling in this case not only for Appellant, but for all young people. Unlike a party whose own speech is at issue, Amici have no particular interest in supporting or endorsing the ideas expressed. In fact, Amici and their membership often strongly disapprove of the speech a party wishes to utter—as they do in this case. Amici's interest is in

supporting the guarantees of the First Amendment so that the freedom of expression remains protected for all of us.

6.      On December 13, 2023, this Court set argument for February 1, 2024, and allocated 15 minutes per side.

7.      Amici respectfully submit that their participation at oral argument will be of particular assistance to the Court and will not prejudice the parties. Amici have extensive experience litigating First Amendment issues, including students' free speech rights. Amici have represented the students in all five of the Supreme Court's cases regarding student free speech, including *Mahanoy Area School District v. B. L. by & through Levy*, 141 S. Ct. 2038 (2021), and *Tinker v. Des Moines*, 393 U.S. 503 (1969), and so are well-positioned to address questions concerning the constitutional limitations of a school's authority to discipline young people for their speech inside and outside of school. Amici respectfully submit that their subject-matter expertise and experience would assist the Court's consideration of the legal issues presented by this appeal. In addition, Amici's brief provided substantial legal analysis, as well as a proposed resolution to several issues in this appeal, that is not presented by the parties.

8.      Amici respectfully request that the Court grant an additional five minutes of oral argument time, so that Amici may participate in oral argument in this case.

9.    Counsel for PDE has advised that PDE intends to oppose this motion. Counsel for Appellees has stated that Appellees will not oppose it.

**WHEREFORE**, Amici the American Civil Liberties Union and American Civil Liberties Union of Ohio Foundation respectfully ask this Court to grant this motion, extend the time allotted for oral argument by five minutes, and allocate the additional time to Amici.

Respectfully submitted,

/s/ David J. Carey

David J. Carey
AMERICAN CIVIL LIBERTIES UNION OF
  OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, OH 43206
Tel: (614) 586-1972
dcarey@acluohio.org

Freda J. Levenson
Amy Gilbert
AMERICAN CIVIL LIBERTIES UNION OF
  OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
(614) 586-1972
flevenson@acluohio.org
agilbert@acluohio.org

Vera Eidelman
Ben Wizner
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street
New York, NY 10004
Tel.: (212) 549-2500
veidelman@aclu.org
bwizner@aclu.org

*Counsel for Amici Curiae*

Dated: December 19, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ David J. Carey
David J. Carey

*Counsel for Amici Curiae*