Case No. 23-3630

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

PARENTS DEFENDING EDUCATION

*Plaintiff-Appellant,*

v.

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al.,

*Defendants-Appellees*

---

On Appeal from the United States District Court for the
Southern District of Ohio
Eastern Division

---

REPLY IN SUPPORT OF MOTION FOR LEAVE TO
PARTICIPATE IN ORAL ARGUMENT

---

David J. Carey
AMERICAN CIVIL LIBERTIES UNION OF
  OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, OH 43206
Tel: (614) 586-1972
dcarey@acluohio.org

Vera Eidelman
Ben Wizner
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street
New York, NY 10004
Tel.: (212) 549-2500
veidelman@aclu.org
bwizner@aclu.org

Freda J. Levenson
Amy Gilbert
AMERICAN CIVIL LIBERTIES UNION OF
  OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
(614) 586-1972
flevenson@acluohio.org
agilbert@acluohio.org

*Counsel for Amici Curiae*

This Court, at its discretion, permits amici to participate in oral argument where they demonstrate that their argument "will aid the court." 6 Cir. R. 29. Rather than address that issue, Parents Defending Education (PDE) attempts to move the goalposts.

First, PDE argues that the ACLU has less interest than other amici in the outcome of this action. Opp. at 2. That is both inaccurate and irrelevant. The ACLU exists to defend rights and liberties such as those at issue in this case—including the right to express viewpoints that the ACLU does not itself share. PDE does not explain why pure support for constitutional rights and liberties is somehow of lesser value to the Court than simply parroting PDE's interests would be. But even if other amici did somehow have a greater interest than the ACLU's, amicus participation is not subject to some sort of ranked priority, and indeed, no other amicus has sought leave to participate in oral argument.

Second, even though PDE consented to the ACLU's participation as an amicus and has not moved to strike its brief, it now seems to suggest that the ACLU's participation is improper because its position is not wholly redundant of PDE's. Again, that is inaccurate. The ACLU has not "inject[ed]" novel issues into this case. Opp. at 3. Rather, it has offered—and seeks leave to present at oral argument—a proposed resolution to this appeal that lies in between the parties' two extremes, consistent with the Constitution. PDE should prevail on at least some of its claims,

*see* Motion for Leave ¶ 2, but the categorical rulings that both it and Appellees seek are not warranted. *See* Motion for Leave at ¶¶ 2–3. Discussion of such a resolution would be of aid to this Court.

Respectfully submitted,

/s/ David J. Carey

David J. Carey
AMERICAN CIVIL LIBERTIES UNION OF
 OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, OH 43206
Tel: (614) 586-1972
dcarey@acluohio.org

Freda J. Levenson
Amy Gilbert
AMERICAN CIVIL LIBERTIES UNION OF
 OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
(614) 586-1972
flevenson@acluohio.org
agilbert@acluohio.org

Vera Eidelman
Ben Wizner
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street
New York, NY 10004
Tel.: (212) 549-2500
veidelman@aclu.org
bwizner@aclu.org

*Counsel for Amici Curiae*

Dated: January 4, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ David J. Carey
David J. Carey

*Counsel for Amici Curiae*
