No. 23-3630

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PARENTS DEFENDING EDUCATION,

*Plaintiff-Appellant,*

v.

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of Ohio
Case No. 2:23-cv-01595-ALM-KAJ

## Motion of Alliance Defending Freedom for Leave to File Brief of Amicus Curiae in Support of Rehearing En Banc

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@adflegal.org

TYSON C. LANGHOFER
MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4655
tlanghofer@adflegal.org
mhoffmann@adflegal.org

*Attorneys for Amicus Curiae*

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 23-3630      Case Name: Parents Defending Educ. v. Olentangy

Name of counsel: Mathew W. Hoffmann

Pursuant to 6th Cir. R. 26.1, Alliance Defending Freedom
                                                        *Name of Party*
makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

No

## CERTIFICATE OF SERVICE

I certify that on          August 30, 2024         the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Mathew W. Hoffmann

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

Pursuant to Federal Rule of Appellate Procedure 29(b), Alliance Defending Freedom (ADF) respectfully moves this Court for leave to file the accompanying amicus curiae brief in the above-captioned matter in support of rehearing en banc. When asked by ADF, counsel for plaintiff-appellant consented to the filing of the attached brief. But defendants-appellees, without explanation, withheld consent. This Court granted ADF's motion to file an amicus brief at the panel stage. *See* Doc. 84. It should similarly grant this motion.

## Identification of amicus curiae

Alliance Defending Freedom is a not-for-profit, public interest legal organization protecting religious freedom, free speech, the sanctity of life, parental rights, and marriage and family. ADF regularly defends students, adults, and organizations in cases across the country involving the right to free speech. *E.g.*, *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021); *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023); *Vlaming v. W. Point Sch. Bd.*, 895 S.E.2d 705 (Va. 2023). ADF's free-speech advocacy includes protecting students, teachers, and professors from overbroad harassment policies that both squelch and compel speech. *E.g.*, *Perlot v. Green*, 609 F. Supp. 3d 1106 (D. Idaho 2022).

## Interest of amicus curiae

As part of its work, ADF defends clients like Dr. Nicholas Meriwether and Vivian Geraghty, targeted by government policies that

force them to use pronouns inconsistent with sex. *E.g.*, *Meriwether*, 992 F.3d at 501; *Geraghty v. Jackson Loc. Sch. Dist. Bd. of Educ.*, No. 5:22-cv-02237, 2024 WL 3758499 (N.D. Ohio Aug. 12, 2024). For these educators, declining to use pronouns inconsistent with sex conveys their deepest convictions on the nature of males and females; it communicates their belief that sex is immutable. They have faced discipline, including reprimand and forced resignation, for not abiding by policies that require using those pronouns.

The panel opinion here skated by the compelled-speech problem presented by such policies. The panel suggested that the objecting students could simply not use feeling-based "pronouns at all."[1] *Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 109 F.4th 453, 466–67 (6th Cir. 2024) (*PDE*). Despite recognizing that "pronouns matter" and that using pronouns inconsistent with sex violated the students' "deeply held beliefs," the Court concluded that avoiding pronouns altogether imposed no "tangible, material sacrifice." *Id.*

ADF's clients well know the "additional damage" done by compelled speech. *Janus v. Am. Fed'n of State, Cnty. & Mun. Emps., Council 31*, 585 U.S. 878, 893 (2018). Requiring the use of pronouns inconsistent with sex would "coerce[ ]" them "into betraying their

---

[1] The panel made a number of rulings inconsistent with First Amendment law, but the attached amicus brief addresses only the compelled-speech holding.

convictions." *Id.* That is "always demeaning" for "free and independent individuals." *Id.* So policies that compel speech "require even more immediate and urgent grounds" than policies "demanding silence." *Id.* (cleaned up). ADF therefore has a strong interest in presenting the views of its clients on (1) how pronoun usage conveys a message, and (2) how damaging compelling them to speak the opposite message is.

**Desirability and relevance of amicus curiae's brief**

"Since an amicus does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of [its] participation." *Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (cleaned up). But "Rule 29's criteria [are] broadly interpreted." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.). "[M]ost courts of appeals freely grant leave to file" even "when the other side refuses to consent." *Id.* That is because courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an amicus provides "information on matters of law about which there [is] doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991).

This Court granted ADF's motion to file an amicus brief at the panel stage, *see* Doc. 84, and should do so again. ADF is an able amicus well-suited to help this Court toward right answers in a case touching on sensitive First Amendment freedoms. ADF represents clients with on-the-ground experience with policies compelling the use of pronouns inconsistent with a student's sex. These clients come from across the country, showing the pervasiveness of the policies like the ones at issue here. ADF will provide the Court with information about how pronoun usage conveys a message and how school districts cannot violate their staff members and students' speech rights by forcing them to speak something in conflict with their deeply held beliefs.

ADF would present its clients' stories and use its expertise in First Amendment law to demonstrate that the panel's compelled-speech holding violates free speech rights. The panel opinion elided the compelled-speech problem by suggesting that the objecting students could simply refrain from using pronouns to refer to their transgender-identifying classmates.

When viewed under the proper First Amendment framework, the panel's compelled-speech holding cannot stand. As Judge Batchelder recognized in dissent, pronouns are ubiquitous. *PDE*, 109 F.4th at 484 (Batchelder, J., dissenting). Avoiding their use is a practical impossibility that presents no real alternative. So the school district's

policies require the use of feeling-based pronouns. And the use of those pronouns forces educators and students to affirm a set of beliefs not their own—that sex is mutable and dependent on a person's subjective perception of self and how it feels to be male or female. But the First Amendment protects each individual's right to express his *own* message, not a message the government mandates.

## Conclusion

ADF's strong interest in this case, its expertise in how the First Amendment applies in the educational context, and its concise explanation of the flaws in the panel's analysis justify filing an amicus curiae brief in support of rehearing en banc. This Court has already granted leave for ADF to file an amicus brief in this case. It should do so again. ADF respectfully requests that this Court grant its motion under Federal Rule of Appellate Procedure 29(b).

Respectfully submitted this 30th day of August, 2024.

/s/ Mathew W. Hoffmann

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@adflegal.org

TYSON C. LANGHOFER
MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4655
tlanghofer@adflegal.org
mhoffmann@adflegal.org

*Attorneys for Amicus Curiae*

## RULE 32(g)(1) CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,035 words, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and 6th Circuit Rule 32(b).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: August 30, 2024

*/s/ Mathew W. Hoffmann*
Mathew W. Hoffmann
*Attorney for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Mathew W. Hoffmann*
Mathew W. Hoffmann
*Attorney for Amicus Curiae*