IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 23-3630

PARENTS DEFENDING EDUCATION,

*Plaintiff-Appellant*,

v.

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION;
MARK T. RAIFF, in his official capacity as Superintendent of Olentangy Local
School District; RANDY WRIGHT, in his official capacity as Olentangy's Chief of
Administrative Services; PETER STERN, in his official capacity as Olentangy's
Assistant Director of Equity and Inclusion; KEVIN DABERKOW, BRANDON
LESTER, KEVIN O'BRIEN, LIBBY WALLICK, and LAKESHA WYSE, in their
official capacities as members of the Olentangy Board of Education

*Defendants-Appellees*,

On Appeal from the United States District Court
for the Southern District of Ohio, No. 2:23-cv-01595

**Motion for Leave to File Supplemental Brief of *Amicus Curiae* Hamilton
Lincoln Law Institute in Support of Petitioner**

HAMILTON LINCOLN LAW INSTITUTE
Adam E. Schulman
John M. Andren
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (610) 457-0856
Email: adam.schulman@hlli.org

*Attorneys for* Amicus Curiae
*Hamilton Lincoln Law Institute*

The Hamilton Lincoln Law Institute ("HLLI") moves for leave to file an *amicus curiae* brief in support of petitioner Plaintiff-Appellant. The proposed brief accompanies this motion.

In accordance with Fed. R. App. P. 29(b)(2)'s requirements, the undersigned files this motion seeking leave from the Court to file the accompanying brief in support of Plaintiff's petition for rehearing.

## I.      Interest of *Amici Curiae*

Hamilton Lincoln Law Institute ("HLLI") is a public interest organization dedicated to protecting free markets, free speech, limited government, and separation of powers against regulatory abuse and rent-seeking. *See*, *e.g., Stock v. Gray*, 663 F. Supp. 3d 1044 (W.D. Mo. 2023) (preliminarily enjoining enforcement of law that restricts pharmacist speech based on viewpoint); *Greenberg v. Haggerty*, 491 F. Supp. 3d 12 (E.D. Pa. 2020) (same; attorney speech).

HLLI finds troubling much of the panel majority's opinion and the district court's reasoning below, which constrict the free speech rights of students beyond the bounds set by this Circuit and the Supreme Court. Chief among those concerns, the panel opinion misreads *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) as affording greater expressive rights to public employees than to students. *Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 109 F.4th 453, 466 (6th Cir. 2024). As a recognition of the state's interest as a proprietor and educator, the First Amendment accepts some constraints on the speech rights of teachers, professors, and other public employees in the course of their official duties or when they speak about private matters. But these

limitations don't apply to non-employee students, who attend school under compulsory state laws. *E.g., B.L. v. Mahanoy Area Sch. Dist.*, 964 F.3d 170, 183 (3d Cir. 2020), *aff'd,* 141 S. Ct. 2038 (2021); *Jenkins v. Rock Hill Loc. Sch. Dist.*, 513 F.3d 580, 586-87 (6th Cir. 2008). Likewise, even within the scope of the school's general authority to regulate disruptive student speech, the further removed from the classroom, the less the school's legitimate interest in regulation. *E.g., Mahanoy Area Sch. Dist. v. B.L.*, 141 S. Ct. 2038, 2046 (2021).

## II.     Desirability of a Brief from *Amicus Curiae*

In our adversary system, "strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an *amicus* who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.); *Lefebure v. D'Aquilla*, 15 F.4th 670, 674 (5th Cir. 2021) ("fundamental premise"). In the Sixth Circuit, *amicus* is especially warranted "in a case of general public interest" with *amicus* "supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (6th Cir. 1982). Over the Defendants' objection, HLLI participated as amicus at the panel and rehearing petition stages and its continued participation will provide information relevant to the First Amendment claims at issue in this appeal. Although the rules of this Circuit do not expressly consider the submission of *amicus* briefing at this stage, it is this Court's practice to accept timely filed amicus briefs when rehearing cases *en banc. See, e.g., Resurrection School v. Hertel*, No. 20-2256, Dkt. 82 (6th Cir. Jan. 22,

2022) (granting non-profit's motion for leave); *Preterm-Cleveland v. McCloud*, No. 18-3329, Dkts. 85, 90 (6th Cir. Jan. 21, 2020) (government filers).

HLLI has expertise with First Amendment litigation and free speech claims generally. The attached brief does not duplicate the brief of petitioner. It examines one crucial legal error originally contained in district court order dismissing petitioner's claims and duplicated in the panel majority's opinion: the court misconstrues *Meriwether* in a way that is incompatible with First Amendment jurisprudence at large.

## Conclusion

For the foregoing reasons, HLLI respectfully asks the Court to grant its motion for leave to file the contemporaneously filed brief.

Dated:  December 16, 2024          Respectfully submitted,


/s/ *Adam E. Schulman*
Adam E. Schulman
John M. Andren
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (610) 457-0856
Email:  adam.schulman@hlli.org

*Attorneys for* Amicus Curiae *Hamilton Lincoln Law Institute*

## Certificate of Compliance

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because this brief contains 641 words, as counted by Microsoft Word.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 27(d) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

Executed on December 16, 2024.

*/s/ Adam E. Schulman*
Adam E. Schulman

**Proof of Service**

I hereby certify that on December 16, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will provide notification of such filing to all counsel of record.

Executed on December 16, 2024.

/s/ *Adam E. Schulman*

Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (610) 457-0856
Email: adam.schulman@hlli.org

*Attorneys for* Amicus Curiae *Hamilton Lincoln Law Institute*